1
2
3
4
5
6
7
8
9
10
11

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

**\* \* \***

MILLENIUM HOLDING GROUP, INC.,

          Plaintiff,

v.

SUTURA, INC. f/k/a TECHNOLOGY VISIONS
GROUP, INC.; Successor-In-Interest to SUTURA,
INC.; *et al.*

          Defendant.

2:05-cv-00356-JCM-LRL

**ORDER**

12
13
14
15
16
17
18

    Before the court are defendant Sutura, Inc.'s Motion for Protective Order Preventing Discovery from Goldman Sachs and Ken Hitchner (# 57), plaintiff's Opposition (# 61), and Sutura's Reply (# 64); plaintiff's Motion to Compel Defendant Sutura, Inc. to Produce Documents and Answer Interrogatories (## 68, 69, 70), Sutura's Opposition (# 74) and Motion for Protective Order (# 85), plaintiff's Reply (# 75) and Sutura's Reply in Support of its Motion for Protective Order (# 80). The court has considered these motions together because the issues presented in the requests for protective orders -- # 57 and # 85 -- and Document Request No. 14 are identical.

19

**I. Generally**

20
21
22

    Sutura generally objects to plaintiff's discovery requests for two principal reasons: the requests extend beyond the time period relevant to this action, and the requests relate to inappropriate subject matter.

23
24
25
26

    Relevance within the meaning of Fed. R. Civ. P. 26(b)(1) is considerably broader than relevance for trial purposes. For discovery purposes, relevance means only that the materials sought are reasonably calculated to lead to the discovery of admissible evidence. *See Oppenhemier Fund v. Sanders*, 437 U.S. 340, 351 (1978) (citation omitted); Fed. R. Civ. P. 26(b)(1).

The reason for Sutura's switch from Millenium to TVGR as a merger partner lies at the very heart of this case.  Consequently, discovery of the events leading to the merger between Sutura and TVGR is reasonably calculated to lead to the discovery of admissible evidence.  A merger agreement was executed between Sutura and Millenium in July, 2004.  The agreement was to terminate in November, 2004.  The merger between Sutura and TVGR, forming Sutura, Inc., was concluded in August, 2005. Given the allegations, the relevant time period is at a minimum from July, 2004 through August, 2005.  The court will additionally include in the relevant time period the negotiations that led to the execution of the merger agreement between Sutura and Millenium.  Thus, the applicable time period for the discovery responses at issue is March 1, 2004 up to and including August 31, 2005.

**II.  Document Requests**

**A. Document Requests Nos. 1 and 4**

Sutura agreed to produce documents that "relate to Millenium, this lawsuit, and stock warrants provided by Sutura to White Box."  Pl.'s App. at 44.  Sutura will additionally be required to produce documents for the applicable time period indicated above.

**B.  Documents Requests Nos. 5 and 9**

Request No. 5 is overly broad as it requests all documents related to *any* communication between Sutura and TVGR.  Sutura shall respond to Request No. 9 for the applicable time period indicated above.

**C.  Document Request Nos. 6, 7, and 10**

Millenium agreed to limit the requests to discussions of the terminated merger between Sutura and Millenium, and the Sutura and TVGR merger.  Sutura objects to producing any documents outside of 2004 and claims that such communications are proprietary, sensitive, and irrelevant.

There is a protective order in place in this case.  *See* Stipulated Motion for Protective Order (# 21).  Thus, sensitive and proprietary matters have already been considered and addressed by the parties.

Any director discussions or communications regarding a merger between Sutura and TVGR are

relevant to the claim of conspiracy to breach the covenant of good faith and fair dealing.  Consequently, Sutura shall produce the documents for the applicable time period indicated above.

**D.  Document Request No. 11**

The connection between the loan information requested and the merger agreement between Sutura and Millenium or Sutura and TVGR is too attenuated to lead to relevant evidence.

**E.  Document Request No. 13**

Sutura has produced a valuation report prepared by Dr. DeGraw.  Millenium argues Sutura's value as a corporation is central to Millenium's damages; the report contains that information.

**F.  Document Request No. 14**

Sutura has filed a Motion for Protective Order in regard to the subpoena Millenium served on Goldman Sachs.  The subpoena and this document request seek the same materials.

- **Motion for Protective Order**

A party opposing discovery may file a motion seeking a protective order, which may be granted upon a showing of good cause in order to prevent annoyance, embarrassment, oppression, or undue burden or expense.  Fed. R. Civ. P. 26(c).  The law confers "broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required."  *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002) (citing *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 38 (1984)).  "[T]he party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted."  *Id.* at 1210–11 (citations omitted).

Sutura contends that good cause exists for the issuance of a protective order because the discovery sought is overbroad and will unduly prejudice Sutura.  Sutura claims this case involves transactions and dealings involving Sutura, Millenium, Fusion Capital Fund II, LLC and Fusion Capital Partners LLC.  Sutura also claims their dealings with Goldman Sachs spanned periods before, during, and after the period in question.  The party list omits White Box; and the court has determined that the relevant time period is March 1, 2004 up to and including August 31, 2005.  *See supra*.  Nevertheless, the subpoenas are overly broad and request documents that go beyond the issues in this case.

3

Sutura claims it will suffer prejudice because it has provided Goldman Sachs with highly confidential and proprietary information that relates to Sutura's technology, finances, and business plans. Sutura argues that the issuance of a confidentiality order will prevent Millenium from obtaining confidential information that has no bearing on the case.

The crux of Millenium's argument in favor of producing the discovery is that a determination of Millenium's damages involves an assessment of what the value of the equity interest would have been but for defendants' misconduct. Sutura counters that the damages are limited to those enumerated in the merger agreement entered into between Sutura and Millenium. The court is not making a finding regarding the damages, if any, to which the parties are entitled.

Sutura has not made a showing of the particular prejudice to which it would be subjected if the pertinent discovery were obtained. However, Millenium's requests are overly broad in scope and time. The subpoena and Document Request No. 14 shall be limited to documents relating to Millenium, Fusion Capital Fund II, LLC, Fusion Capital Partners LLC, and White Box. Documents regarding Sutura, Inc. shall be limited to the extent they are related to the terminated merger between Sutura and Millenium, and the merger between Sutura and TVGR. The temporal scope of the subpoenas shall be March 1, 2004 up to and including August 31, 2005.

In regard to the deposition of Ken Hitchner and the requested documents under his control, the reasonable course of action is for Millenium to review the documents they receive from Sutura in pursuant to this Order. If indeed Millenium believes Ken Hitchner can speak to the liability and damage issues in this case, he may be noticed for deposition. If such notice is issued, however, the document requests shall be narrowed in accord with this Order.

### G. Document Request No. 15

Sutura objects to producing all of its compiled or audited financial statements on the ground that such documents are publicly available as S.E.C. filings. It is "not usually a ground for objection that the information is equally available to the interrogator or is a matter of public record." 8 Wright & Miller, *Federal Practice and Procedure* § 2014 (2d ed. 1994); *see also Rogers v. Tri-State Materials*

4

*Corp.*, 51 F.R.D. 234, 245 (N.D. W. Va. 1970).  The documents will be produced for the indicated time period or any part thereof.

**H.  Document Request No. 16**

Sutura indicates it has provided all documents requested for 2004.  Sutura also states in its supplemental responses that "Sutura is not currently aware of any responsive documents in its possession, other than publicaly [sic] available press releases."  Pl.'s App. at 45.  If Sutura produced documents for 2004 it must produce responsive documents for the expanded time period indicated by the court, if they exist.

**I.  Document Request No. 20**

Sutura will produce responsive documents which relate to the terminated merger between Sutura and Millenium, and the merger between Sutura and TVGR for the time period indicated.

**J.  Document Requests Nos. 22 and 24**

Sutura indicated it would produce any responsive documents in its possession from 2004 for request No. 24.  It further claims the requests are more appropriately directed at Fusion.  In so far as Sutura possesses responsive documents, they will produce them for the time period indicated.

**K.  Document Request No. 26**

The public availability objection has been discussed *supra*.  In so far as Sutura possesses responsive documents, it will produce them to the extent it has not already done so.

**L.  Document Request No. 27**

Sutura has already produced documents from 2004, and shall do so for the time period indicated.

**M.  Document Request No. 29**

Sutura argues that its articles of incorporation and by-laws are not relevant to the lawsuit and that the request is overbroad, and unduly burdensome.  The articles and by-laws are reasonably calculated to lead to the discovery of admissible evidence to the extent they enumerate the procedure necessary for Sutura to enter into a merger agreement.  Sutura will produce the portions of the articles of incorporation and by-laws that relate to the company's ability and the method required to enter into

5

a merger agreement.

**III. Interrogatories**

**A. Interrogatories 3, 4, and 5**

Interrogatories 3, 4, and 5 are overly broad.

**B. Interrogatory 9**

See Document Request No. 11 *supra*.

**C. Interrogatory 11**[1]

Whether a member of Sutura received compensation for securing financing is relevant to the question of whether a conspiracy existed to thwart the Millenium and Sutura merger effort. The interrogatory shall be answered for the period March 1, 2004 to and including December 31, 2004. The answer shall include any fee or compensation received from any entity involved in the terminated merger of Sutura and Millenium, and the merger of Sutura and TVGR.

**D. Interrogatories 12 and 13**[2]

Whether Sutura was speaking with other companies regarding a possible merger before an agreement was made with Millenium is irrelevant to the case at hand.

Accordingly, and for good cause shown,

IT IS ORDERED that the plaintiff's Motion to Compel Defendant Sutura, Inc. to Produce Documents and Answer Interrogatories (# 68) IS GRANTED to the following extent:

(1) Unless otherwise noted all responses shall be for the time period of March 1, 2004 up to and including August 31, 2005;

(2) Defendant Sutura, Inc. shall respond fully to Document Request Nos. 1, 4, 9, 15, 16, 22, 24, 26, and 27;

(3) Defendant Sutura, Inc. shall respond to Document Request Nos. 6, 7, and 10 to the extent the discussions were related to the proposed merger of Sutura and Millenium and the merger of Sutura

---

[1]   The interrogatory is No. 10 on the interrogatory request. It is No. 11 in the moving papers.

[2]   The interrogatories are 11 and 12 on the interrogatory request and 12 and 13 in the moving papers.

and TVGR;

(4) Defendant Sutura, Inc. shall respond to Document Request No. 20 to the extent the documents relate to the terminated merger with Millenium and the merger with TVGR;

(5) Defendant Sutura, Inc. shall respond to Document Request No. 29 to the extent the requested documents relate to the company's ability and the method required to enter into a merger agreement;

(6) Defendant Sutura, Inc. shall answer Interrogatory 10 (misnumbered as 11) for the time period of March 1, 2004 up to and including December 31, 2004.  The answer shall include any fee or compensation received from any entity related to the terminated merger of Millenium and Sutura, and the merger of TVGR and Sutura.

IT IS FURTHER ORDERED that Defendant Sutura Inc.'s Motion for Protective Order Preventing Discovery from Goldman Sachs and Ken Hitchner (# 57) and Motion for Protective Order (# 85) is GRANTED to the extent Ken Hitchner's deposition shall be vacated.  The scope of the subpoenas and Document Request No. 14 is modified as follows:  responses shall be limited to documents and testimony relating to Millenium, Fusion Capital Fund II, LLC, Fusion Capital Partners LLC, and White Box.  Documents and testimony regarding Sutura, Inc. shall be limited to the extent they are related to the terminated merger between Sutura and Millenium, or the merger between Sutura and TVGR.  The temporal scope of the subpoenas shall be March 1, 2004 up to and including August 31, 2005.

IT IS FURTHER ORDERED that defendant Sutura, Inc. will comply with this order by August 25, 2006.

DATED this 19th day of July, 2006.

_____
**LAWRENCE R. LEAVITT**
**UNITED STATES MAGISTRATE JUDGE**

7