# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MILLENIUM HOLDING GROUP, INC., <br><br> Plaintiff, <br><br> v. <br><br> SUTURA, INC. f/k/a TECHNOLOGY VISIONS GROUP, INC.; Successor-In-Interest to SUTURA, INC.; *et al.* <br> Defendant. | 2:05-cv-00356-JCM-LRL <br><br> **ORDER** |

Before the court are defendants Fusion Capital Fund II LLC's and Fusion Capital Partners LLC's (collectively "Fusions'") Motion to Compel Discovery (#86), plaintiff's Opposition (#100), Fusion's Reply (#102), plaintiff's Sur-Reply (#116), and Fusion's Reply to the Sur-Reply (#118); plaintiff's Motion for Protective Order (#96, 97), Fusion's Opposition (#105), and plaintiff's Reply (# 110); and Fusion's Second Motion to Compel (#107) and plaintiff's Opposition (#112). The court has considered these motions together because there is an overlap of the issues presented in each.

The court has broad discretion in controlling discovery. *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). Relevance within the meaning of Fed. R. Civ. P. 26(b)(1) is considerably broader than relevance for trial purposes. For discovery purposes, relevance means only that the materials sought are reasonably calculated to lead to the discovery of admissible evidence. *See Oppenhemier Fund v. Sanders*, 437 U.S. 340, 351 (1978) (citation omitted); Fed. R. Civ. P. 26(b)(1). However, a court may limit discovery if it determines, among other things, that the discovery is unreasonably cumulative or duplicative, obtainable from another source that is more convenient, less burdensome, or less expensive, or the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(2).

## I. Document Requests

### A. Document Request No. 17

Fusion seeks details of certain transactions between Richard Ham and Millenium, Carla Aufdenkamp and Millenium, and Ham Consulting Company and Millenium. Fusion claims these transactions are relevant to show whether Millenium breached its Agreement and Plan of Merger ("Agreement") with Sutura.

Millenium opposes the production based on over breadth and relevancy. In its Amended Complaint (#46), Millenium alleges that Fusion wrongfully accused it of breaching the Agreement. (Amended Complaint (#46) at ¶ 58.) Fusion has a right to discovery relevant to its defense against this allegation. *See* Fed. R. Civ. P. 26(b)(1).

Millenium also argues that no further production is needed because Fusion is "fully informed of the details of the transactions referred to in Request 17 . . . ." (Opp'n (#100) at 3.) A party cannot refuse to produce discovery materials because it happens to believe the opposing party has everything it needs to answer its questions. Fusion is entitled to all responsive, non-privileged, documents.

The request is overbroad in that it asks for relevant documents from "any time period." The documents are relevant to Fusion's defense that it believed Millenium breached the Agreement. Consequently, only transactions prior to the termination of the Agreement are relevant. Any transactions post-dating termination are not relevant. Millenium shall produce relevant documents for the period from February 15, 2000, the date the first transaction in question took place, through the termination date of the Agreement.

### B. Document Request No. 18

Only the tax liability portion of this request appears relevant to whether Millenium breached the Agreement. While Fusion may believe the relationships between the named players at Millenium are relevant, it did not explain such significance in its Motion.

Again, Millenium claims that "Fusion has the information" necessary to show whether it breached the Agreement. (*Id.* at 4.) And, again, this argument fails. If there any further documents

relevant to Millenium's tax obligations under §§ 5.9 and 5.12 of the Agreement, Millenium shall produce them. Because relevance is based on Millenium claim that Fusion wrongfully accused it of breaching the Agreement, only tax obligations prior to the termination of the Agreement are relevant.

### C. Document Request No. 19

The parties agree that the audits have now been produced. (Reply (#102) at 9.) Fusion asks the court to compel production of the remainder of its Request, to wit, the communications between Millenium and its auditors. Millenium previously claimed accountant-client privilege but failed to produce a privilege log. Fusion argues that this privilege is now waived, but the court rejects such an extreme sanction because Millenium timely objected—even if it did not argue the point in its Opposition.

The party asserting a privilege has the burden of making a *prima facie* showing that the information being withheld is indeed privileged. *Diamond State Ins. Co. v. Rebel Oil Co., Inc.*, 157 F.R.D. 691, 698 (D. Nev. 1994). If Millenium withholds any documents on the basis of privilege, it must provide a detailed privilege log. *See Nevada Power Co. v. Monsanto Co.*, 151 F.R.D. 118, 121 (D. Nev. 1993). A failure to comply with privilege log requirements will result in a finding that discovery opponents have failed to meet their burden of establishing the applicability of the privilege. *See Allendale Mutual Ins. Co. v. Bull Data System, Inc.*, 145 F.R.D. 84, 88 (N.D. Ill. 1992).

#### 1. Fusion's Second Motion to Compel

This Motion to Compel concerns documents subpoenaed from nonparty accounting firms Chavez & Koch and DeJoya Griffith & Co. Fusion requested, from both firms, all documents related to audits of Millenium from fiscal years 2002 through 2005, and all documents related to any other review of the financial books and records of Millenium for the fiscal years 2002 through 2005. The accounting firms did not object; rather, they forwarded the documents to Millenium's counsel to review for privileged information. Millenium withheld the accounting firm's documents from 2002, 2003, and 2005 on relevancy grounds.

Fusion argues procedural error because the nonparties failed to timely object to the subpoenas

3

1 and Millenium failed to file a request for a protective order. Thus, Fusion contends that Millenium or
2 the accounting firms must produce the subpoenaed documents. Millenium replies that the court already
3 has the matter under consideration in connection with Fusion's first Motion to Compel and therefore
4 the court need not address another motion covering the same discovery material. The problem is that
5 Millenium never objected to the audits or the communications based on relevancy in its discovery
6 responses or its Opposition (#100); it objected only on the basis of accountant-client privilege. And,
7 the nonparty accounting firms did not object at all. *See* Fed. R. Civ. P. 45(c)(2)(B).

8      A nonparty's failure to timely object to a Rule 45 subpoena duces tecum generally requires the
9 court to find that all objections are waived. *McCoy v. Southwest Airlines Co.*, 211 F.R.D. 381, 385
10 (C.D. Cal. 2002) (citations omitted). Similarly, if Millenium wished to prevent disclosure, a motion
11 for a protective order or to quash the subpoena would be required. *Id.* at 384 (citations omitted). Under
12 Rule 26(c), however, the court may *sua sponte* issue a protective order for good cause shown. *Id.* at 385
13 (citation omitted). Because the discovery requested is tied by subject matter to Fusion's Motion to
14 Compel (#86), the court will allow Millenium to sort through the documents for privileged material.

15      Millenium has all of the documents produced by the accounting firms. To prevent any
16 additional burden on the nonparties, Millenium shall produce all documents it received from the
17 accounting firms for which it does not claim a privilege. For those documents as to which it claims a
18 privilege, Millenium will produce a privilege log.

19      **D. Document Request No. 20**

20      First, Fusion claims it is entitled to any and all lists of Millenium stockholders during the period
21 June 2004 and December 2004 as a right granted to shareholders under Nev. Rev. Stat. 78.105. The
22 statute provides that stockholders who hold at least five percent of a corporation's outstanding shares,
23 among other requirements, are entitled to inspect shareholder lists. *See* Nev. Rev. Stat. 78.105.
24 Millenium claims that Fusion owns only about one percent of Millenium shares, and Fusion has not
25 refuted this claim. Thus, the statute is inapplicable.

26      The request, however, is relevant to the alleged breach of Agreement §§5.5 and 5.6. Millenium

shall produce a list of stockholders during the period June 2004 through December 2004, or documents that contain the information.

### E.  Document Request No. 23

Millenium asserts that it has produced all responsive documents to Fusion's request for any valuation of Millenium. (Opp'n (#100) at 6.) Millenium refers to documents it produced regarding market capitalization, but not "any other valuation." If there are documents that reflect other valuations of Millenium for the indicated time period, Millenium shall produce them.

## II. Millenium's Motion for Protective Order (#96,#97)

Millenium requests this court to issue a protective order to preclude production of documents subpoenaed from its stock transfer agent, Computershare Trust Company, Inc. The law confers "broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002) (citing *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 38 (1984)). A party opposing discovery may file a motion seeking a protective order, which may be granted upon a showing of good cause in order to prevent annoyance, embarrassment, oppression, or undue burden or expense. Fed. R. Civ. P. 26(c). "[T]he party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted." *Phillips*, 307 F.3d at 1210–11.

Millenium states that the subpoena duces tecum "is designed to inflict on plaintiff the very annoyance, embarrassment and oppression that protective orders under Rule 26(c) are to prevent." (Mot. (#97) at 4). It fails, however, to show the specific prejudice and harm that would result in the absence of a protective order. Rather, it makes the same relevancy arguments that it made opposing Fusion's Motion to Compel (#86).

The request is relevant to the alleged breach of the Agreement §§5.5 and 5.6. The request, however, is too broad. Under Fed. R. Civ. P. 45(c)(3)(A), an evaluation of undue burden requires the court to weigh the burden to the subpoenaed party against the benefit of the information to the serving party. *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 637 (C.D. Cal. 2005) (citation omitted). One factor

to consider is the breadth of the document request. *Id.* (citations omitted). All documents related to every transaction are not necessary to the inquiry. Rather, Computershare Trust shall produce a ledger of purchases, sales, and transfers. If there is a discrepancy between the ledger and the Agreement's schedules, then Millenium will be entitled to documents surrounding the specific discordant transaction.

**III. Sanctions**

Fusion asks this court to award it the fees and costs associated with bringing the instant Motion, because Millenium's objections were not substantially justified. "Substantially justified" means that reasonable people can differ as to the appropriateness of the contested action. *Pierce v. Underwood*, 487 U.S. 552, 565 (1998). Because the court limited Fusion's requests, the court finds that Millenium was substantially justified in resisting discovery.

Accordingly, and for good cause shown,

IT IS ORDERED that Defendant and Counter-Plaintiff Fusion Capital Fund II LLC's and Defendant Fusion Capital Partners LLC's Motion to Compel Discovery (#86) is GRANTED to the following extent:

(1) Millenium shall respond to Document Request No. 17 for the period February 14, 2000 through the termination date of the Agreement;

(2) Millenium shall respond to Document Request No. 18 in regard to its tax obligations under the Agreement that predate its termination;

(3) Millenium shall produce a privilege log for any documents it withholds in response to Document Request No. 19;

(4) Millenium shall respond fully to Document Request No. 20;

(5) Millenium shall respond to Document Request No. 23 to the extent the documents relate to any valuation performed, other than market capitalization, for the period November 1, 2004 through the present;

IT IS FURTHER ORDERED that Plaintiff's Rule 26(c) Motion for a Protective Order (#96, 97) is GRANTED to the extent Computershare Trust shall produce a ledger of purchases, sales, and

transfers for the period April 1, 2004 through December 31, 2004.

IT IS FURTHER ORDERED that Defendant and Counter-Plaintiff Fusion Capital Fund II LLC's and Defendant Fusion Capital Partners LLC's Second Motion to Compel Discovery (#107) is GRANTED. Millenium shall produce all non-privileged documents it received from the firms Chavez & Koch and DeJoya Griffith & Co. Millenium shall produce a privilege log for all documents it withholds as privileged.

IT IS FURTHER ORDERED that Millenium shall comply with the requirements of this order by February 9, 2007.

DATED this 10th day of January, 2007.

*/s/ Leavitt*

**LAWRENCE R. LEAVITT**
**UNITED STATES MAGISTRATE JUDGE**